# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MILFORD FABRICATING CO., <br>     Plaintiff, <br><br> v. <br><br> AMADA AMERICA, INC., <br>     Defendant. | No. 3:11-cv-435 (SRU) |

## RULING ON MOTION FOR ABSTENTION

The instant litigation concerns a fire at the plaintiff's manufacturing facility. The plaintiff alleges that the fire was caused by a combination laser and punch press table that was sold by the defendant, Amada America, Inc. Several cases arising from the fire are currently pending in Connecticut state courts, and the plaintiff has filed a motion for abstention under the *Colorado River* doctrine. Doc. 16. Because there are no exceptional circumstances warranting abstention in this case, the plaintiff's motion is **DENIED**.

### I. Background

On March 31, 2009, a fire broke out at Milford Fabricating's facility in Milford, Connecticut. The fire caused substantial damage, and was allegedly caused by a defective product sold by Amada America to Milford Fabricating. As a result, the plaintiff sued the defendant in state court on February 18, 2011. The defendant removed the case to federal court on March 18, 2011.

According to Milford Fabricating, the fire also spawned several other lawsuits. Those lawsuits are: *Bunker Hill Ins. Co. v. Milford Fabricating Co.* ("Bunker lawsuit"), filed May 11, 2010; *Quincy Mutual Fire Ins. Co. v. Milford Fabricating Co., Inc.*, filed February 23, 2011;

*Assurance Co. of America v. Amada America, Inc.*, filed March 23, 2011; and *OneBeacon Midwest Ins. Co. v. Milford Fabricating Co.* ("OneBeacon lawsuit"), filed March 24, 2011.

## II. Discussion

Pursuant to the *Colorado River* doctrine, federal courts may abstain in favor of pending state court actions in limited, exceptional circumstances. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976). Courts may only abstain, however, if the federal and state proceedings are parallel actions. *Credit-Based Asset Servicing & Securitization, LLC v. Lichtenfels*, 658 F. Supp. 2d 355, 359 (D. Conn. 2009). "In determining whether the actions are concurrent, a court may consider whether both actions involve the same (i) parties, (ii) subject matter, and (iii) relief requested." *Id*.

Both Milford Fabricating and Amada America are defendants in the OneBeacon lawsuit, although the plaintiff in that case is not a party in the instant litigation. Milford Fabricating states that the OneBeacon lawsuit also involves the March 31, 2009 fire and the issue whether Milford Fabricating or Amada America is responsible for the fire. This court will therefore assume, without deciding, that it is a parallel proceeding.

Once a court has determined that there are parallel federal and state court proceedings, it should next consider: (1) the assumption of jurisdiction by either court over any res or property, (2) the inconvenience of the federal forum, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained, (5) whether state or federal law applies the rule of decision, and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. *Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996) (citing *Colorado River*, 424 U.S. at 818-19); *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15-16 (1983).

Factor one is inapplicable here because there is no res or property at issue. Factor two does not counsel in favor of abstention, because the Milford Superior Court and District Court in Bridgeport are fewer than ten miles apart. "[W]here the federal court is 'just as convenient' as the state court, that factor favors retention of the case in federal court." *Village of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999).

Factor four also does not counsel in favor of abstention, because although at least one of the state court proceedings was filed before the instant action, the most parallel state proceeding, the One Beacon lawsuit, was filed after the federal action. Furthermore, courts applying this factor typically look at the progress of each lawsuit. *See Cupe v. Lantz*, 470 F. Supp. 2d 128, 133 (D. Conn. 2007). The only lawsuit that the plaintiff alleges may have progressed more than this action is the Bunker litigation, and for even that lawsuit the plaintiff only states that "it has <u>presumably</u> progressed to a more advanced stage of litigation than any of the other related proceedings." Mot. to Dismiss at 11 (emphasis added). Thus, that factor does not weigh in favor of abstention.

Factor three arguably weighs in favor of abstention in this case, because there is a possibility (although certainly not a certainty) that the state actions could be consolidated. The court is not, however, overly concerned about the danger of "multiple judgments on the issues of liability and damages," since presumably res judicata would prevent that result.

Factor five also weighs in favor of abstention, because state law will be applied in this court. It is worth noting, however, that "the absence of federal issues does not *strongly* advise dismissal, unless the state law issues are novel or particularly complex." *AM Broadband, LLC v. First Fin. Ins. Co.*, No. 3:08cv378, 2009 WL 801646, at *2 (D. Conn. Mar. 25, 2009). There has been no argument that the state law issues in this case are novel or complex, and thus "if the

absence of federal issues advises dismissal at all, it is to an extremely limited degree and is not sufficient to overcome the strong presumption in favor of exercising jurisdiction. *Id*.

Factor six does not weigh against abstention, since the state court proceeding will adequately protect the rights of all parties. Yet "the possibility that the state court proceeding might adequately protect the interests of the parties is not enough to justify the district court's deference to the state action. This factor, like choice of law, is more important when it weighs in favor of federal jurisdiction. It is thus of little weight here." *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir. 1986).

The *Colorado River* doctrine "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," *Colorado River*, 424 U.S. at 813, and federal courts are under no duty to abstain simply because of the pendency of parallel litigation. *Jaeger v. Cellco P'ship*, 3:09cv567, 2010 WL 965730, at *4 (D. Conn. Mar. 16, 2010). That is why "our task in cases such as this is not to find some substantial reason for *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Village of Westfield*, 170 F.3d at 122 (2d Cir. 1999) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25-26).

Because there do not appear to be any exceptional circumstances here warranting the surrender of jurisdiction, the plaintiff's motion for abstention is denied, and the court will retain jurisdiction.

It is so ordered.

Dated at Bridgeport, Connecticut, this 5th day of May 2011.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge