UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MILFORD FABRICATING CO., INC., et al.,<br>    Plaintiffs,<br><br>    v.<br><br>AMADA AMERICA, INC., et al.,<br>    Defendants. | No. 3:11cv435 (SRU) |

## RULING ON MOTION FOR RECONSIDERATION

This case arose from a fire at a manufacturing facility. The case was first filed in Connecticut state court, and was removed to federal court on March 21, 2011. On March 29, 2011, the plaintiffs filed an amended complaint. Doc. 14. On May 5, 2011, I denied a motion to remand the case to state court. Doc. 19. On August 16, 2011, I denied, without prejudice, a motion to consolidate the case with other cases arising from the fire in question. Doc. 40. On January 20, 2012, the plaintiffs filed a second amended complaint. Doc. 72. On May 3, 2012, the plaintiffs filed a motion to file a third amended complaint, doc. 91, which I granted on May 16, 2012, doc. 92. On May 25, 2012, the defendants filed an objection to the ruling granting the motion to file a third amended complaint. Doc. 94. I will treat that motion as a motion for reconsideration. For the reasons that follow, the defendants' motion for reconsideration is **DENIED**.

**I.    Background**

The facts, as alleged in the plaintiffs' second amended complaint, are as follows: On March 31, 2009, a fire occurred at plaintiff Milford Fabricating Company, Inc.'s ("Milford Fabricating") facility located in Milford, Connecticut. The fire originated in a combination laser and punch press table located at the facility. The fire destroyed the entire manufacturing site, as

well as property and equipment located therein.

The combination laser and punch press table was sold by defendants Amada America, Inc., Amada North America, Inc., and/or Amada Co., Ltd. The laser-cutting portion of the combination laser and punch press is inherently dangerous. For instance, laser cutting can make the byproduct super-heated, and also create a fine metal particulate that is flammable, susceptible to explosions, and dangerous to inhale.

The other plaintiffs are Edward A. Pohl, Jr., the President of Milford Fabricating and a named insured on its insurance policy, and EPCP, LLC, the owner of real property and structures at the facility, and another named insured.

The second amended complaint alleged claims of strict liability, negligence, breach of warranty, and post-sale failure to warn. It sought compensatory damages, costs, and "[s]uch further relief as the Court may deem just and proper."

In the third amended complaint, the plaintiffs added claims for the breach of implied warranty of merchantability, and breach of contract. They also added a claim for damages pursuant to Connecticut General Statutes § 42a-2-715 (incidental and consequential damages).

## II.     Standard of Review

The standard for granting a motion for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might be reasonably expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice.

*Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practices & Procedure* § 4478).

## III.   Discussion

Once a responsive pleading has been served, a party is only allowed to amend its pleading by leave of the court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). There are five factors a court should consider when determining whether to grant a motion to amend: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Local 802, Associated Musicians of Greater NY v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998) (citing *Foman v. Davis*, 317 U.S. 178, 182 (1962)). "The Court of Appeals has repeatedly noted that the trial court has broad discretion in ruling on a motion to amend." *Doe v. Simonds*, No. 3:12cv508 (JBA), 2012 WL 3463985, at *1 (D. Conn. Aug. 15, 2012) (internal citation omitted).

The defendants argue that I was wrong to allow the amendment, because considerable discovery has already been completed, and the amendments will require some depositions to be reopened. The defendants also argue that the motion was untimely, and the plaintiffs have given no explanation for why the amendment was not earlier filed. But "[t]he Second Circuit has made it clear that delay, without more, cannot be the basis to deny an amendment and has routinely excused delays of more than two years." *Simonds*, 2012 WL at * 1 n. 2 (internal citation omitted). Here, the motion to file a third amended complaint was filed only three and a half months after the second amended complaint was filed, and a little more than a year after the case was removed to federal court. Furthermore, discovery in this case is not set to end until December 16, 2012. The new claims are similar to the previously pled claims, and will likely

- 4 -

require much of the same discovery.  Therefore, I do not believe that the defendants will be unduly prejudiced by the third amended complaint.  My ruling allowing the filing of a third amended complaint was not clearly erroneous, and will not result in manifest injustice.

### IV.     Conclusion

For the reasons stated above, the defendants' motion for reconsideration, doc. 94, is **DENIED**.  This ruling is without prejudice to the filing of a motion to dismiss under Rule 12(b)(6).

It is so ordered.

Dated at Bridgeport, Connecticut, this 20th day of August 2012.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge